Filed 10/1/15  P. v. Lozano CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RUBEN LOZANO, Jr.,<br><br>    Defendant and Appellant. | F069287<br><br>(Super. Ct. Nos. F12904172 &<br>F12906646)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  William K. Levis.  (Retired Judge of the Fresno Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Gabriel C. Vivas, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Gomes, Acting P.J., Detjen, J. and Franson, J.

In case Nos. F12904172 and F12906646 appellant Ruben Lozano, Jr., pled no contest in each case to a count of petty theft with priors (Pen. Code, § 666),[1] admitted a prior prison term enhancement (§ 667.5, subd. (b)), and was sentenced to local time followed by release on mandatory supervised release (MSR). After he violated the terms of his MSR, he was ordered to serve his remaining time in local custody. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 6, 2012, adult students at a "DUI" class saw Lozano carrying away one of their bicycles as another man was putting another bicycle in the bed of a pickup. The students surrounded Lozano and he was handcuffed by the class instructor who was also a loss prevention officer (case No. F12904172).

On June 8, 2012, the district attorney filed a felony complaint in case No. F12904172 charging Lozano with petty theft with priors and a prior prison term enhancement.

On August 6, 2012, Lozano walked out of a Home Depot store with a sink faucet valued at $169 without paying for it. Lozano was detained and told the loss prevention officer that he and a friend would return the merchandise for credit or a gift card. Lozano would then take the card to a business called "Get Cash Now" and exchange it for 68 percent of the card's value (case No. F12906646).

On August 31, 2012, the district attorney filed a felony complaint in case No. F12906646 charging Lozano with commercial burglary (count 1/§ 459), petty theft with priors (count 2), and a prior prison term enhancement.

On November 29, 2012, Lozano entered into a plea deal in both cases pursuant to which he pled no contest in case No. F12904172 to petty theft with priors for a lid of two

---

[1] All statutory references are to the Penal Code unless otherwise noted.

years in that case which would be split between local custody time and supervised release. In case No. F12906646, Lozano pled no contest to petty theft with priors, and admitted the prior prison term enhancement in exchange for the dismissal of the remaining count and a lid of three years, which would run concurrent to the term imposed in case No. F12904172. The agreement also provided that two unrelated misdemeanor cases would be dismissed.

On January 7, 2013, in case No. F12904172 the court sentenced Lozano to an aggregate three-year local term, the middle term of two years on his petty theft with priors conviction in that case, and a one-year prior prison term enhancement. Eighteen months of this term were to be served in custody and 18 months on MSR. In case No. F12906646 the court sentenced Lozano to a local term of two years on his petty theft conviction in that case, to run concurrent with the term imposed in case No. F12904172. The court also ordered that he serve one year of this term in custody and one year on MSR.

On August 24, 2013, Lozano was released on MSR.

On November 25, 2013, Lozano missed an appointment with his probation officer. Additionally, following his release on MSR, Lozano was arrested numerous times for new charges, including on November 26, 2013, and November 29, 2013.

On January 8, 2014, and January 9, 2014, Lozano failed to appear at a court hearing.

On March 17, 2014, the probation department (department) filed a MSR report alleging that Lozano violated his probation by failing to report to the department on November 25, 2013, being out of contact with the department since October 24, 2013, and failing to obey all laws by committing several new violations. The court summarily revoked Lozano's MSR.

On February 3, 2014, Lozano was arrested on outstanding bench warrants.

3.

On March 3, 2014, Lozano admitted that he violated the terms of his MSR in both cases. The court then sentenced Lozano to serve the remaining time in each case concurrently in custody. However, after the matter was recalled, the court granted Lozano's request to withdraw his admissions in both cases.

On March 17, 2014, after Lozano again admitted that he violated the terms of his MSR in both cases, the court again sentenced him to serve the remaining time in each case concurrently in custody.

Lozano's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Lozano has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

4.